IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

GENE RYAN                                                                                              PLAINTIFF

vs.                              Civil No. 1:09-cv-01009

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Gene Ryan ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Titles II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F. Barnes referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation.  The Court, having reviewed the entire transcript and relevant briefing, recommends that the ALJ's determination be **AFFIRMED.**

**1. Background:**

Plaintiff protectively filed his application for DIB on April 12, 2006. (Tr. 159-161). Plaintiff alleged he was disabled due to rheumatoid arthritis in all joints. (Tr. 167). Plaintiff alleged an onset date of August 9, 2005. (Tr. 167). This application was initially denied on June 9, 2006 and was denied again on reconsideration on December 4, 2006. (Tr. 145-150). On November 14, 2007, Plaintiff requested an administrative hearing on his application. (Tr. 53). This hearing was held on April 23, 2008 in El Dorado, Arkansas. (Tr. 58-90). Plaintiff was present and was represented by

counsel, Eugene Bramblett, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Tyra Watts testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-one (41) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), had completed the eleventh grade and obtained a GED. (Tr. 62-63). On June 18, 2008, the ALJ held a supplemental hearing in El Dorado, Arkansas. (Tr. 91-141). Plaintiff's treating physician, Dr. James Logan and VE Tyra Watts testified at this hearing. *See id.*

On August 29, 2008, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 11-21). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2011. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 9, 2005, his alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: rheumatoid arthritis and obesity. (Tr. 13, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found his claimed limitations were not totally credible. (Tr. 14-16). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that in consideration of diagnosed rheumatoid arthritis, the claimant has the residual

>functional capacity to lift-carry and/or push-pull up to a maximum of 20 pounds occasionally and 10 pounds frequently. The claimant should require a "sit-stand" option throughout the 8 hour workday. He would have some limitation in the ability to reach and should avoid work around dangerous moving machinery, as well as work in temperature extremes. The claimant would be precluded from climbing, stooping, crouching, kneeling and/or crawling. The claimant's pain would be mild to moderate with the use of over-the-counter and/or prescription medications.

(Tr. 14, Finding 5).

The ALJ then evaluated Plaintiff's PRW and his ability to perform that work and other work in the national economy. (Tr. 18-20, Findings 6, 10). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 64-68, 84-87). Based upon this testimony, the ALJ determined that Plaintiff would be unable to perform his PRW. (Tr. 18, Finding 6). At the time of the administrative hearing, Plaintiff was working 19 hours a week for the Ouachita County Sheriff's Department. (Tr. 15).

The ALJ also determined, however, Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 19, Finding 10). Specifically, the VE testified Plaintiff would be able to perform work as an information clerk with 5,600 such jobs in Arkansas and 1,000,000 in the national economy, as a ticket taker with 2,500 such jobs in Arkansas and 500,000 in the national economy, and as a surveillance monitor with 1,400 such jobs in Arkansas and 252,000 in the national economy. (Tr. 19-20). Based upon this testimony, the ALJ determined Plaintiff could perform other work existing in significant numbers in the national economy and was not disabled from August 9, 2005 through the date of the ALJ's decision. (Tr. 20, Findings 11).

On October 3, 2008, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 6-7). *See* 20 C.F.R. § 404.968. On December 8, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 3-5). On February 12, 2009, Plaintiff filed the

3

present appeal. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 8,9). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred in finding Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Doc. No. 8, Pages 5-13). In response, Defendant argues the VE's testimony to the ALJ's hypothetical questions provide substantial evidence to support a finding Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Doc. No. 9, Pages 4-9).

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart,* 360 F.3d

838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue,* 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart,* 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003). If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge,* 321 F.3d at 768-69.

In this matter, ALJ heard testimony from a VE regarding Plaintiff's ability to perform work in the national economy. It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

In this matter, Plaintiff does not challenge the hypothetical question asked of the VE by the ALJ, instead, the Plaintiff questions the ALJ's findings of jobs Plaintiff would be able to perform which are in significant numbers in the national economy. (Doc. No. 8, Pg. 6-12).

In his decision, the ALJ found three occupations Plaintiff could perform existing in

significant numbers in the national economy.  These were information clerk, ticket taker, and surveillance monitor. (Tr. 19-20).  These findings were based on testimony from the VE regarding an individual with both exertional and nonexertional functional limitations. (Tr. 19).  Further support for the ALJ's findings is found in the testimony of Plaintiff's treating physician Dr. James Logan.  Dr. Logan testified Plaintiff would be cable of performing work as a surveillance monitor and ticket taker. (Tr. 101-103, 118).

The VE stated that jobs existed in both the national and local economy for the vocational profile of the Plaintiff.  Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the ALJ's decision.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends that the ALJ's decision be affirmed.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 2nd day of October, 2009.

                                        /s/   Barry A. Bryant
                                        HON. BARRY A. BRYANT
                                        U.S. MAGISTRATE JUDGE